IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael R. Gamble,** | ) | **CASE NO. 1:19 CV 1041** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **Marc's Corporate Office,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Pro se* plaintiff Michael R. Gamble has filed an *in forma pauperis* complaint in this action against defendant "Marc's Corporate Office" ("Marc's"). (Doc. No. 1.) In his complaint, he alleges he is a patron of Marc's and that while he was shopping at a Marc's store on August 6, 2018, a store manager named Chris called him "a sissy numerous times during an encounter." (*Id.* at p. 3, ¶ 1.) Plaintiff asserts he was "offended" by the store manager's comments and "felt that he was profiled." (*Id.*) He asserts he believes he was discriminated against "due to [his] race Hebrew Israelite and [his] sex, male" in violation of Title VII of the Civil Rights Act of 1964, and on the basis of an unspecified "disability" in violation of Title I of the Americans with Disabilities Act of 1990 (the "ADA"). (*Id.* at ¶ 4.) He seeks damages and other relief.

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic

pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a *pro se* complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915(e)(2)(B)).

## Analysis

The Court finds that the plaintiff's complaint must be dismissed in accordance with § 1915(e)(2)(B). Even liberally construed, his allegations are insufficient to suggest any plausible claim.

First, both of the statutes under which the plaintiff expressly seeks relief in his complaint, Title VII and Title I of the ADA, pertain to discrimination in the employment context. *See* 42 U.S.C. § 2000e–2(a)(1) ("It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."); *Lowe v. Hamilton County Dept. of Job & Family Services*, 610 F.3d 321, 325 (6th Cir. 2010) (Title I of the ADA "prohibits certain employers from discriminating on the basis of disability"). Plaintiff's allegations clearly do not

pertain to discrimination in employment; accordingly, he has asserted no plausible claim under either Title VII or Title I of the ADA.

Second, although Title III of the ADA prohibits discrimination on the basis of disability in places of public accommodation, *see* 42 U.S.C. § 12181(7), to establish a *prima facie* case of discrimination under Title III, a plaintiff must demonstrate that he has a disability; the defendant owns, leases, or operates a place of public accommodation; and the defendant has discriminated against him on the basis of disability in the full and equal enjoyment of that place of public accommodation. *Jones v. Natural Essentials, Inc.*, No. 5:16-cv-93, 2017 WL 1133945, at *7 (N.D. Ohio 2017). The plaintiff's complaint does not allege facts sufficient to establish a *prima facie* claim. He has not alleged facts suggesting he suffers from a disability covered by Title III, nor has he alleged facts sufficient to support a plausible inference that Marc's discriminated against him on the basis of such disability in the full and equal enjoyment of a place of public accommodation. The sole factual allegation set forth in the plaintiff's complaint is that a Marc's store manager called him a "sissy" during an encounter in a Marc's store. This allegation is insufficient to support his conclusory assertion that Marc's discriminated against him on the basis of a disability (or on any other unlawful basis). *See Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314, 1999 WL 801544 (6th Cir. Sept. 28, 1999) (upholding summary dismissal, holding that conclusory allegations of discrimination are insufficient to state a plausible claim). Furthermore, the Sixth Circuit has held that "Title III of the ADA provides only injunctive relief" to successful plaintiffs, and "not monetary damages" as the plaintiff seeks here. *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012).

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 9, 2019